IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAWN LAIZURE,

          Plaintiff,

          vs.                                    Case No. 08-1172-JTM

MICHAEL J. ASTRUE,
  Commissioner of Social Security,

          Defendant.

MEMORANDUM AND ORDER

      Plaintiff Dawn Laizure has applied for Social Security disability and supplemental income benefits. Her application was denied by the ALJ on July 28, 2006, a decision affirmed by the Appeals Council on April 2, 2008. Laizure makes three allegations of error here: the ALJ's assessment of her residual functional capacity (RFC) is not supported by the evidence, the ALJ erred in determining she could return to her prior work, and the credibility analysis was erroneous.

      Plaintiff-claimant Laizure was born in 1969. She has stated that she became disabled on April 28, 2003, citing a variety of ailments, including depression, post-traumatic stress disorder (PTSD), personality disorder, fibromyalgia, and chronic pain. She has previously worked as a clerk, cashier, and certified nursing assistant (CNA), telephone solicitor, warehouse picker, and supervisor of newspaper delivery drivers. The detailed facts of the case, which are incorporated herein, are set

forth independently in the ALJ's opinion (Tr. 17-26) and the brief of Laizure (Dkt. No. 9, at 1-9), and set forth *seriatim* in the argument section of the Commissioner's response (Dkt. No. 3, at 3-16).

The ALJ concluded that Laizure had only mild limitations in "maintaining social functioning" and "maintaining concentration, persistence, or pace." (Tr. 20). She was not limited in her daily living activities. She had "no episodes of decompensation ... of extended duration." (*Id*.) She was able to care for her family and herself and perform household chores. The pain Laizure reported in her ankle was not a severe impairment. Laizure did have the severe impairments of fibromyalgia, migraine headaches, obesity, depression, personality disorder, and PTSD. (*Id*.) However, these impairments did not individually or in combination meet or exceed any listed impairment. (Tr. 21-22). The ALJ determined that Laizure retained the RFC to

> to lift and/or carry 10 pounds frequently and 20 pounds occasionally, sit 6 hours in an 8 hour work day, and stand or walk about 6 hours in an 8 hour work day. The claimant can stoop, kneel, crouch and crawl, frequently. She may occasionally climb or balance. She cannot be exposed to extreme cold. [Laizure] has moderate limitation in the ability to work in coordination with or proximity to others without being distract[ed] by them, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to accept instructions and respond appropriately to criticism from supervisors, and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

(Tr. 22).

The ALJ explicitly noted the existence of impairments which could be expected to produce pain, but not to the degree which she described, and analyzed her complaints pursuant to *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and Social Security Ruling 96-7p. After noting the existence of various grounds in the medical evidence for doubt as to the diagnosis of fibromyalgia, the ALJ nonetheless gave Laizure "the benefit of doubt" and assigned an RFC which incorporated "alleged

symptoms of fibromyalgia, associated pain, and any physical imitations," as well as depression, migraines, personality disorder, and PTSD (Tr. 24). In finding that Laizure's description of her symptoms was "not entirely credible," the ALJ found that her "statements are not consistent with information provided by Doctors Kumar, Schwartz, and Heusheer, with her hearing testimony, or as presented to other treating or examining medical sources." (*Id.*)

The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: she must show that she is engaged in substantial gainful activity, that she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion.

*Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

As noted above, Laizure argues that the RFC determination is not supported by substantial evidence. Specifically, she notes that the ALJ failed to give credit to Dr. Ann Winkler's testimony that she did not feel comfortable with assessing a light RFC. Further, the Plaintiff argues, the ALJ failed to recontact Dr. Michael Schuster for clarification of his opinion, relied upon an out-of-date State Agency evaluation from 2004, that she had cited other pain in her shoulder and low back, and that the "moderate" restrictions in the RFC are vague.

The court has reviewed the administrative record and finds that the ALJ's determination is supported by substantial evidence. Dr. Winkler, who is board-certified in internal medicine and rheumatology and serves as a medical director for a fibromyalgia clinic, expressed reservations because she was not sure whether Laizure suffered from fibromyalgia. (Tr. 489-90). She testified: "I don't feel comfortable with the records that we have confirming the diagnosis," but that if the disease were present "I usually do feel that light duty such as the limits they have here would be appropriate." (Tr. 494). As noted earlier, the ALJ gave Plaintiff the benefit of the doubt and found Laizure did suffer from the disease (Tr. 24), and tailored an RFC in light of all the medical evidence in the record.

4

Dr. Schuster's conclusions were not so different that the ALJ erred in not recontacting him. He examined Laizure in 2005 and 2006, and concluded that she had fibromyalgia. (Tr. 440). On November 22, 2005, Dr. Schuster wrote that Laizure indicated that medications "were found to be helping ... with her symptoms," but "she is not comfortable." (*Id*.) He recommended increasing her medication. In follow-up visits, Dr. Schuster prescribed or administered treatments which he believed provided a "good chance that she might improve." (Tr. 437). In June of 2006, Dr. Schuster wrote after further treatments Laizure's pain appeared "reasonably controlled." (Tr. 464).

The ALJ did not err in considering the July 2004 Physical Residual Functional Capacity Assessment. Such an assessment is considered appropriately under 20 C.F.R. §§ 404.1527(f)(2)(I) and 416.927(f)(2)(I), nor was the assessment irrelevant or out-of-date, since Laizure has alleged that she became disabled in 2003. As noted earlier, the ALJ expressly considered all medical evidence in the record, and the court after reviewing the same record finds that substantial evidence supports that decision.

Finally, the court finds the ALJ did not err in declining to specify in detail the "moderate" limitations imposed in the RFC. Here, the ALJ found that Laizure was moderately limited in her ability to interact with the general public. The RFC Assessment form cited by the ALJ provides that moderate limitations are limitations which are not insignificant, but which are less than marked limitations. (Tr. 291). The ALJ elaborated at the hearing, stating that as to the moderate limitations on Laizure's mental RFC, "I'd define those as meaning that there are some significant limitations in those areas but normally [required vocational tasks] can be performed in a satisfactory manner." (Tr. 510).

The imposition of moderate limitations was thus not overly vague, it was also not error to find that they permitted her to return to her former work. Laizure argues that the ALJ's decision at step four was error, since her former work involves some element of interaction with the public or co-workers. The court finds no error occurred, since the ALJ imposed only moderate limitations on such interactions, and the specific jobs – supervision of delivery drivers and telephone solicitor – do not involve significant face-to-face interaction with the public or co-workers. Substantial evidence exists in the record as to the nature of these jobs (Tr. 114, 131-32, 222-23, 509-13) and the ALJ did not err in reaching the decision at step four.

Finally, the ALJ did not err in discounting Laizure's subjective complaints of pain. The assessment of a claimant's credibility is for the ALJ. *Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1499 (10th Cir. 1992). This court will not substitute its judgment as to a claimant's credibility, where that finding is founded on substantial evidence. *See Casias v. Secretary of HHS*, 933 F.3d 799 (10th Cir. 1991). Here, the ALJ agreed that given Laizure's medical history, she would and did experience some degree of pain; he concluded, however, that her statements as to the degree of pain were not credible. While the Plaintiff points to some evidence which corroborates her complaints of pain, the task of the court is not to construct a new credibility assessment, but to determine if that performed by the ALJ was consistent with proper procedure and substantial evidence.

Here, there was evidence of Laizure's prior work history, as well as her reported daily activities which included extensive housekeeping and other tasks. (Tr. 175-95). Dr. Schwartz found that Laizure had no serious functional restrictions. (Tr. 272). Further, as the ALJ noted, there was medical evidence showing that medications were successful in treating Laizure's symptoms (Tr. 297-98, 367, 440), but that Laizure had failed to consistently use such treatments (Tr. 23, 271), even

6

where the medication had been offered as part of a drug company assistance program for poorer patients. (Tr. 297). The court finds that the ALJ's credibility assessment was not erroneous.

IT IS ACCORDINGLY ORDERED this 30th day of June, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE